# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL FORTE, <br><br> Defendant. | Case No. 3:15-cr-00062-SLG |

### ORDER RE MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Before the Court at Docket 90 is defendant Michael Forte's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.[1] The government responded in opposition at Docket 101. Mr. Forte replied to the government's opposition at Docket 102. The Court finds that "the motion and the files and records of the case conclusively show that [Mr. Forte] is entitled to no relief" and thus no hearing is required or necessary to the determination of the motion.[2]

### I. Factual and procedural background

In 1999, Mr. Forte pleaded guilty to and was convicted of Indecent Assault and Battery on a Person Aged 14 or Older in violation of Massachusetts state law.[3] This conviction required him to register as a sex offender under Massachusetts law, but he did

---

[1] Although Mr. Forte's motion lists him as the petitioner and the government as the respondent, a claim under 28 U.S.C. § 2255 is a continuation of the underlying criminal proceeding. *Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991) ("§ 2255 is a further step in a defendant's criminal case rather than a separate civil action.").

[2] 28 U.S.C. § 2255(b).

[3] Docket 90 at 2; Docket 101 at 2.

not comply with the Massachusetts registration requirements.[4] In 2014, Mr. Forte left Massachusetts and came to Alaska but also did not register as a sex offender in Alaska.[5]

In 2015, Mr. Forte was charged in the District of Massachusetts with failure to register as a sex offender in violation of 18 U.S.C. § 2250(a) due to his failure to register in Massachusetts.[6] He was soon arrested in Alaska and arraigned on the District of Massachusetts complaint.[7] The case was transferred from the District of Massachusetts to the District of Alaska pursuant to Federal Rule of Criminal Procedure 20, and Mr. Forte was arraigned on the Indictment returned in the District of Massachusetts.[8] Mr. Forte pleaded guilty without a plea agreement.[9] In October of 2015, the Court sentenced him to 18 months, and he is now on supervised release.[10] Mr. Forte did not appeal his conviction.

## II. Mr. Forte's procedural argument

Motions pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations.[11] Mr. Forte filed his § 2255 motion in June of 2019, more than three and a half years after his judgment became final. Mr. Forte maintains that his late motion should

---

[4] Docket 101 at 3.

[5] Docket 90 at 2; Docket 3–4. The Alaska Department of Public Safety determined that Mr. Forte's Massachusetts state conviction triggered his obligation to register in Alaska. Docket 101 at 4.

[6] Docket 22-3.

[7] Docket 22.

[8] Docket 22; Docket 22-2; Docket 27.

[9] Docket 27.

[10] Docket 47; Docket 90 at 3.

[11] 28 U.S.C. § 2255(f)(1).

Case No. 3:15-cr-00062-SLG, *United States v. Forte*
Order Re Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255
Page 2 of 8

be excused because he is claiming actual innocence, which equitably tolls the statute of limitations.[12] Thus, Mr. Forte's claim of equitable tolling "rises and falls with [his] claim on the merits."[13] The Court will consider the merits of his actual innocence claim to determine whether his petition is timely.

### III. Mr. Forte's actual innocence argument

The federal statute under which Mr. Forte was convicted, 18 U.S.C. § 2250, criminalizes the knowing failure to register or update a registration as required by the Sex Offender Registration and Notification Act ("SORNA").[14] SORNA, in turn, requires that a "sex offender" must register and keep the registration current "in each jurisdiction where the offender resides . . . ."[15] As relevant here, a "sex offender" is someone who has been convicted of a "sex offense."[16] A "sex offense" is defined as "a criminal offense that has an element involving a sexual act or sexual contact with another."[17] SORNA does not define "sexual act" or "sexual contact," but those terms are defined in Title 18 of the United States Code.[18]

---

[12] Docket 102 at 3. Mr. Forte expressly disavows that he is seeking to file a § 2241 petition. Docket 102 at 3 ("Mr. Forte need not avail himself of § 2255's 'escape hatch' to file a § 2241 petition, because his § 2255 petition [motion] is properly before the court.").

[13] *See United States v. Dailey*, No. 18-10134, 2019 WL 5688814 at *9 (9th Cir. Nov. 4, 2019).

[14] 18 U.S.C. § 2250(a).

[15] 34 U.S.C. § 20913(a). "Defendants are not directly convicted of violating SORNA. Rather, the law applies to violations of existing state and federal criminal laws and mandates the registration of a 'sex offender' 'in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.'" *Dailey*, 2019 WL 5688814 at *4.

[16] 34 U.S.C. § 20911(1); *see also United States v. Pope*, 2019 WL 1919164 at *2 (slip copy) (D. Nev. Apr. 30, 2019) ("SORNA provides a multi-faceted definition to the term 'sex offender.'").

[17] 34 U.S.C. §§ 20911(1), 20911(5)(a)(i).

[18] 18 U.S.C. § 2246(2) (definition of a "sexual act"); 18 U.S.C. § 2246(3) (definition of "sexual

Case No. 3:15-cr-00062-SLG, *United States v. Forte*
Order Re Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255
Page 3 of 8

Mr. Forte asserts that under the categorical approach, his Massachusetts state conviction does not trigger SORNA because the Massachusetts law criminalizes a broader range of conduct than SORNA includes in its definition of a "sex offense." Specifically, Mr. Forte contends that Massachusetts state law defines "sexual contact" more broadly than does the Title 18 definition and thus "the definition of 'sexual contact' necessary to commit indecent assault and battery . . . is clearly not a categorical match with the Title 18 definition of 'sex offense.'"[19] According to Mr. Forte, the Massachusetts conviction thus does not qualify as a predicate offense under SORNA.[20]

The Court need not consider whether Massachusetts' definition of "sexual contact" is a categorical match to "sexual contact" as defined by federal law. Here, Mr. Forte's conviction is for knowingly failing to register as required under SORNA, not for knowingly failing to register after being convicted of a crime that involved "sexual contact." Thus, any violation of SORNA—regardless of the specific definition applied—supports his conviction. Mr. Forte ignores that SORNA supplies other definitions of "sex offense" that apply to his case. A "sex offense" also includes "a criminal offense that is a specified offense against a minor."[21] A "specified offense against a minor" includes any offense against a minor that involves "[a]ny conduct that by its nature is a sex offense against a

---

contact").

[19] Docket 90 at 4–6.

[20] The government does not address Mr. Forte's categorical approach argument and instead maintains that Mr. Forte's § 2255 motion is procedurally defaulted. Docket 101 at 11–15.

[21] 34 U.S.C. § 20911(5)(A)(ii).

Case No. 3:15-cr-00062-SLG, *United States v. Forte*
Order Re Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255
Page 4 of 8

minor."[22] This provision is known as SORNA's residual clause or catchall provision.[23] In its prosecution of Mr. Forte for failing to register, the government specifically relied on the residual clause as the basis for the facts it would prove at trial: "In this case, it's the definition of a specified offense against a minor. And that term specified offense against a minor means an offense against a minor that involves any conduct that by its nature is a sex offense against a minor."[24]

The Ninth Circuit, relying on its earlier decision in *United States v. Byun*, has recently held that "the only acceptable interpretation of the residual clause is to apply a non-categorical approach regarding the age of the victim."[25] The Ninth Circuit's reasoning applies with equal force to support using the non-categorical approach regarding the entirety of the residual clause:

> In determining the residual clause called for a non-categorical approach, we looked to three aspects of the law. First, while Section 20911(5)(A)(i) defines a sex offense as "a criminal offense that has an *element* involving a sexual act or sexual contact with another," Section 20911(5)(A)(ii), which alternatively defines a sex offense as "a criminal offense that is a specified offense against a minor," "contains no reference to the crime's 'elements.'" Second, in Section 20911(7), which defines "a specified offense against a minor," the words "against a minor" precede a general list of crimes—e.g., "kidnapping," "false imprisonment," and "[u]se in a sexual performance"— that do not reference the victim's identity, suggesting, for example, that "*any* kidnapping offense becomes a 'specified offense against a minor' when the victim is a minor." Finally, and most pointedly, the residual clause covers "any *conduct* that by its nature is a sex offense against a minor." The use

---

[22] 34 U.S.C. § 20911(7)(I).

[23] *Dailey*, 2019 WL 5688814 at *11; *Pope*, 2019 WL 1919164 at *2.

[24] Docket 103 at 2 (partial transcript of entry of plea).

[25] *Dailey*, 2019 WL 5688814 at *7.

Case No. 3:15-cr-00062-SLG, *United States v. Forte*
Order Re Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255
Page 5 of 8

> of "conduct" in the residual clause, as opposed to "conviction," strongly indicates a non-categorical approach applies.[26]

The District of Nevada has also recently concluded that the non-categorical approach applies in determining whether a defendant's conduct in committing a predicate offense satisfies the specified-offense portion of the residual clause: "Nothing in the court's reasoning [in *Byun*] indicates that it intended to limit the use of the circumstance-specific approach to this fact [of the victim's age]."[27] An *en banc* Eleventh Circuit has also held that "[a]lthough the Ninth Circuit [in *Byun*] focused only on the age of the victim, its approach supports our conclusion that SORNA permits examination of the defendant's underlying conduct—and not just the elements of the conviction statute—in determining what constitutes a 'specified offense against a minor.'"[28]

Applying the non-categorical approach, a court examines "not just the elements of the crime but also the 'statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[29] Mr. Forte was convicted of Indecent Assault and Battery on Person Fourteen or Older.[30] Although this statute proscribes conduct that includes conduct directed at an adult victim, the parties here do not dispute that the victim in Mr.

---

[26] *Dailey*, 2019 WL 5688814 at *6 (quoting *United States v. Byun*, 539 F.3d 982, 992 (9th Cir. 2008) (internal citations omitted, emphasis in *Dailey*).

[27] *Pope*, 2019 WL 1919164 at * 3.

[28] *United States v. Dodge*, 597 F.3d 1347, 1354 (11th Cir. 2010) (en banc).

[29] *Dailey*, 2019 WL 5688814 at *13.

[30] Mass. Gen. Law Ch. 265 § 13H ("Whoever commits an indecent assault and battery on a person who has attained age fourteen shall be punished by imprisonment in the state prison for not more than five years, or by imprisonment for not more than two and one-half years in a jail or house of correction.").

Case No. 3:15-cr-00062-SLG, *United States v. Forte*
Order Re Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255
Page 6 of 8

Forte's case was a sixteen-year old girl.[31]  Mr. Forte asserts that Massachusetts defines an indecent assault and battery as an intentional and unjustified touching of a private area, including, but not limited to, the breast, abdomen, thigh, buttocks, genital or pubic areas of a female.[32]  Here, the parties do not dispute that Mr. Forte's conduct involved him penetrating the victim's vagina with his penis and then ejaculating on her leg, despite her repeatedly telling him to stop, telling him he was hurting her, and trying to physically force him off of her.[33]  This conduct is clearly a sex offense against a minor.[34]  It constitutes a "specified offense against a minor" and, in turn, qualifies as a "sex offense."

Because Mr. Forte was convicted of a sex offense as defined by SORNA, he was required to register under SORNA's directives.  His knowing failure to do so violated 18 U.S.C. § 2250, and he is not actually innocent of that crime.  Because Mr. Forte is not actually innocent of the crime of conviction, his procedurally defaulted § 2255 motion is not saved by an equitable tolling of the statute of limitations.

In light of the foregoing, IT IS ORDERED that the motion at Docket 90 is denied.  The Court declines to issue a certificate of appealability, as Mr. Forte has not "made a substantial showing of the denial of a constitutional right."[35]  The Clerk of Court is directed to enter a final judgment in Case No. 3:19-cv-00183.

---

[31] Docket 40 at 7–9.

[32] Docket 90 at 5 (citing *Commonwealth v. Lavigne*, 676 N.E.2d 1170 (Mass. Crt. App. 1997).

[33] Docket 40 at 8.

[34] *See Byun*, 539 F.3d at 988 (using "common sense" to determine that "transporting a minor to the United States with the intent that she engage in prostitution" was "conduct that by its nature is a sex offense against a minor").

[35] 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (To make a substantial showing, the movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner of that

Case No. 3:15-cr-00062-SLG, *United States v. Forte*
Order Re Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255
Page 7 of 8

DATED this 19th day of November, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

the issues presented were adequate to deserve encouragement to proceed further.") (internal quotations and citations omitted).

Case No. 3:15-cr-00062-SLG, *United States v. Forte*
Order Re Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255
Page 8 of 8